IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHEM LIFE INSURANCE COMPANY, | Case No. 1:06-cv-01165 AWI NEW (TAG) |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART PETITIONER PHILLIP BORGEMEYER'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND RELATED RELIEF (Doc. 22) |
| HILDA OLGUIN, et al., | |
| Defendants. | ORDER GRANTING PETITIONER LAUREN MUSSO'S REQUEST TO WITHDRAW HER PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND RELATED RELIEF (Doc. 18) |
| _____ / | |

On February 22, 2007, defendant Naida R. McKinney and Lauren Musso ("Ms. Musso") filed a petition for the court to appoint Ms. Musso as a guardian ad litem for her 17 year old son Vincent James Musso Borgemeyer ("Vincent"). (Doc. 18). The petition also requests that the Court issue an order "allowing the waiver of conflicts of interest and for assumption of the contractual obligation of Naida R. McKinney." (Doc. 18, 1:25-27; 2:1-2). The petition also requests that the Court issue an order "allowing that the minor assume the benefits of Nadia R. McKinney and obligation of the contract between Mrs. McKinney and Mr. Murillo." (Doc. 18, 2:10-14). Naida R. McKinney is named as a defendant in the action, and is represented by Attorney Joel M. Murillo. (Doc. 11). A hearing on the petition was conducted on February 23, 2007. (See, docket entry 20). On February 23, 2007, the Court declined to grant the petition, ordered that Vincent's parents submit a new petition for appointment of guardian ad litem with supporting documents, and set the matter for further hearing on March 22, 2007. (Id.).

On March 22, 2007, moving party Phillip Borgemeyer ("Mr. Borgemeyer") filed a petition for the court to appoint him as a guardian as litem for Vincent. (Doc. 22). Mr. Borgemeyer is Vincent's father. (Doc. 18). Mr. Borgemeyer's petition also requests that the Court issue an order "allowing the waiver of conflicts of interest and for assumption of the contractual obligation of Naida R. McKinney." (Doc. 22, 1:27-28; 2:1-2). Mr. Borgemeyer's petition also requests that the Court issue an order "allowing that the minor assume the benefits of Naida R. McKinney and obligation of the contract between Mrs. McKinney and Mr. Murillo." (Doc. 22, 2:10-14). Mr. Borgemeyer's petition also requests that the Court approve "a contract between the minor and attorney, Joel M. Murillo, that provides that the attorney shall advance the costs of litigation and receive twenty five percent of the net recovery." (Doc. 22, 2:15-17).

The hearings on both petitions came on regularly for hearing on March 22, 2007 at 2:30 p.m. in Courtroom 8 of the United States Courthouse at 2500 Tulare Street, Fresno, California before the Honorable Theresa A. Goldner, United States Magistrate Judge. There was no appearance by plaintiff's counsel. Attorney Donald J. Proietti appeared on behalf of defendant Hilda Olguin. Attorney Joel M. Murillo appeared telephonically on behalf of defendant Naida R. McKinney, petitioner Musso and petitioner Borgemeyer. Ms. Musso, Mr. Borgemeyer and Vincent appeared in person at the hearing. During the hearing, Ms. Musso withdrew her petition to be appointed as guardian ad litem, and Attorney Murillo was ordered to submit a new assignment of rights by defendant McKinney. On April 3, 2007, Attorney Murillo filed a document entitled "Assignment of Benefits" wherein Nadia R. McKinney states: "I, Nadia R. McKinney, hereby designates Vincent James Borgemeyer Musso as beneficiary of the benefit on the Group Life Insurance Plan through Anthem Life Insurance the proceeds of which are at issue in this litigation." (Doc. 26). No waiver of conflicts was filed by defendant McKinney with respect to Mr. Borgemeyer's petition.

## Discussion

Federal Rule of Civil Procedure 17(c) states

> Whenever an infant . . . has a representative, such as a general guardian, committee, conservator, or other fiduciary, the representative may sue or defend on behalf of the infant . . . An infant . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem

///

    for an infant . . . not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant . . .

A "next friend" who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state.  These factors are: 1) An adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor.  T.W. v. Brophy, 954 F.Supp. 1306, 1309 (E.D. Wis. 1996), aff'd, 124 F.3d 893, 896-97 (7th Cir. 1997).

The next friend should be an appropriate alter-ego for the child and that ordinarily the eligible candidates would be confined to the plaintiff's parents, older siblings (if there are no parents), or a conservator or other guardian.  A person having only an ideological stake in the child's case is ineligible.  If a close relative is unavailable and the child has no conflict-free general representative, the court may appoint a friend of the plaintiff or his family, a professional who has worked with the child, or in desperate circumstances, a stranger whom the court finds to be especially suitable for representing the child's interests.  T.W. v. Brophy, 124 F. 3d at 896.  A person with only an ideological stake cannot satisfy the Article III standing requirement.  Id. at 896.

It appears to be the common practice to appoint a parent to act as next friend for a child. Gonzalez v. Reno, 212 F.3d 1338, 1352 (11th Cir. 2000).   However, a parent is not entitled to be the next friend of his or her child as a matter of absolute right. See Fong Sik Leung v. Dulles, 226 F.2d 74, 82 (9th Cir.1955) (."[No] asserted or actual parent may claim to be a guardian ad litem of his minor child as a matter of right").  Because the best interests of a child and the best interests of even a loving parent can conflict, parental authority over children--even where the parent is not generally "unfit"--is not without limits. Gonzalez, 212 F.3d at 1352.  Also see, e.g., In the Matter of Sampson, 323 N.Y.S.2d 253, 255 (N.Y.App.Div.1971) (affirming order requiring disfigured child to undergo risky cosmetic surgery against genuine wishes of child's only parent: the state contended surgery would have "a beneficial effect" upon child); Crommelin-Monnier v. Monnier, 638 So. 2d 912, 916 (Ala.Civ.App.1994) (requiring appointment of guardian ad litem where custodial parent sought to remove child to foreign country).

///

**Conclusion**

A parent is generally appointed guardian ad litem. In this case, there appears to be no estrangement between Vincent and either his mother or his father. The Court notes that at the hearing on March 22, 2007, Vincent's mother, Ms. Musso, indicated that she wished to withdraw her petition to be appointed as guardian ad litem. (Doc. 18). Based upon the representations made at both hearings in this matter, and the evidence presented, it appears that Ms. Musso is likely to be a witness in this action, her testimony may be significant to a trier of fact, and it may be difficult for her to retain a true dedication to the best interests of Vincent in light of her involvement as a potentially significant witness in the case. The Court concludes that Vincent's father, Mr. Borgemeyer, is not as likely to be a witness in this action, and his testimony, if any, is likely to be less significant to a trier of fact. Accordingly, the Court finds that Mr. Borgemeyer is in a better position to retain a true dedication to the best interests of Vincent in this action.

With respect to the additional requests in Mr. Borgemeyer's petition (Doc. 22), i.e., that the court issue an order allowing the "assumption of the contractual obligation of Naida R. McKinney," allowing "that the minor assume the benefits of Naida R. McKinney and obligation of the contract between Mrs. McKinney and Mr. Murillo," and approving "a contract between the minor and attorney, Joel M. Murillo, that provides that the attorney shall advance the costs of litigation and receive twenty five percent of the net recovery" (Doc. 22, 1:27-28, 2:1-2, 10-17), the Court notes that it was not provided a copy of a written contract between Naida R. McKinney and Attorney Murillo and was not informed of any of its terms other than a twenty-five percent net fee and the advancement of costs. Accordingly, in the absence of a complete disclosure of the terms of the agreement, the Court is unable to ascertain whether the contract is fair or enforceable, and thus is unable to grant the relief requested as to the contract.

With respect to Mr. Borgemeyer's remaining request that the Court issue an order "allowing the waiver of conflicts of interest" (Doc. 22, 1:25-27), the Court notes that petitioner provided little information to the Court regarding the conflict issue, other than (1) the fact that Attorney Murillo represents defendant McKinney in this action; and (2) the contents of Defendant McKinney's one-sentence designation of Vincent as beneficiary of "the benefit on the Group Life Insurance Plan

1 through Anthem Life Insurance the proceeds of which are at issue in this litigation." The Court also
2 notes that defendant McKinney did not file a written conflict waiver regarding Mr. Borgemeyer's
3 petition. In the absence of a full and meaningful disclosure, the Court is not in a position to
4 adequately assess such conflicts or to issue an order regarding waiver.

5     Accordingly, it is HEREBY ORDERED:

6    1. The Petition for (1) Appointment of Guardian Ad Litem; (2) Waiver of Conflicts of
7       Interest; (3) Assumption of Benefits; (4) and Engagement of Attorney filed by Phillip
8       Borgemeyer (Doc. 22) is GRANTED IN PART AND DENIED IN PART, as follows:
9       A. The Petition is GRANTED as to the request that Phillip Borgemeyer be appointed
10       as Guardian Ad Litem for defendant Vincent James Borgemeyer Musso, a minor.
11       Petitioner Phillip Borgemeyer is appointed Guardian Ad Litem for the minor.
12       B. The Petition is DENIED WITHOUT PREJUDICE as to the balance of the relief
13       requested in the Petition.

14    2. Petitioner Phillip Borgemeyer *must* apply to the Court for approval of any settlement
15       *and allocation of the minor's share of the proceeds and payment of attorney's fees*
16       *and costs*.

17    3. The Petition for (1) Appointment of Guardian Ad Litem; (2) Waiver of Conflicts of
18       Interest; (3) Assumption of Benefits; (4) and Engagement of Attorney filed by
19       Lauren Musso (Doc. 18) is DEEMED WITHDRAWN.

21 IT IS SO ORDERED.

22 Dated: **May 8, 2007**                     /s/ **Theresa A. Goldner**
                                                      UNITED STATES MAGISTRATE JUDGE