IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHEM LIFE INSURANCE COMPANY, | Case No. 1:06-cv-01165 AWI NEW (TAG) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO FILE AMENDED ANSWERS AND |
| HILDA OLGUIN, et al., | CROSS-CLAIMS (Doc.33) |
| Defendants. | |

**1. Background.**

Defendants Vincent James Musso Borgemeyer, a minor, and Naida McKinney filed a motion to file amended answers and cross-claims. (Doc. 33). The court has read and considered the pleadings and heard and considered the arguments of counsel, and makes the following ruling on the motion.

**A. Original Pleadings.**

On August 29, 2006, when plaintiff Anthem Life Insurance Company filed a complaint to interplead $50,000 in life insurance proceeds to which the defendants made conflicting claims. (Doc. 2). The policy was issued to Kathleen Susan Rindy, now deceased (the "decedent") . The complaint alleges that at the time of her death, the decedent was an employee of California Pacific Medical Center and was insured under her employer's group life insurance plan by plaintiff. (Doc. 2, 2: 12-25). The plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001 et seq.  On September 18, 2006, defendant Hilda Olguin filed an answer, contending that she is the named beneficiary of the life insurance policy.  (Doc. 8).  On November 15, 2006, Defendant Naida McKinney filed an answer, contending that she is the decedent's mother

and the named beneficiary of the life insurance policy. (Doc. 11).

**B. Guardian ad Litem and Assignment of Policy Benefits.**

On February 22, 2007, defendant McKinney and Lauren Musso ("Ms. Musso") filed a petition for an order appointing Ms. Musso as a guardian ad litem for her 17- year old son, Vincent James Musso Borgemeyer ("Vincent") who is alleged to be a contingent beneficiary to defendant Olguin. (Docs. 1, 3:1-3; 18, 2:3-9). Ms. Russo's petition also sought an order allowing a conflicts waiver and the assumption of defendant McKinney's contingent attorney's fee agreement with Attorney Joel Murillo. (Doc. 18, 1:25-27; 2:1-2, 10-14). On February 23, 2007, the court declined to grant the petition, ordered that Vincent's parents submit a new petition for appointment of guardian ad litem with supporting documents, and set the matter for further hearing on March 22, 2007. (See Docket entry 20). ).

On March 22, 2007, Vincent's father, Phillip Borgemeyer ("Mr. Borgemeyer") filed a petition for the court to appoint him as a guardian as litem for Vincent. (Doc. 22). Mr. Borgemeyer's petition also sought an order "allowing the waiver of conflicts of interest and for assumption of the contractual obligation of [defendant] McKinney." (Doc. 22, 1:27-28; 2:1-2). Mr. Borgemeyer's petition also requested an order "allowing that the minor assume the benefits of [defendant] McKinney and obligation of the contract between [defendant] McKinney and Mr. Murillo." (Doc. 22, 2:10-14). Mr. Borgemeyer's petition also requested an order approving "a contract between the minor and attorney, Joel M. Murillo, that provides that the attorney shall advance the costs of litigation and receive twenty five percent of the net recovery." (Doc. 22, 2:15-17).

At the hearing on both petitions, Ms. Musso withdrew her petition, and the court granted Mr. Borgemeyer's request to be appointed guardian ad litem and denied the balance of his petition. (See, Docs. 23, 27). On April 3, 2007, Attorney Murillo filed a document entitled "Assignment of Benefits" wherein defendant McKinney states:

> "I, Naida R. McKinney, hereby designate Vincent James Borgemeyer Musso as beneficiary of the benefit on the Group Life Insurance Plan through Anthem Life Insurance the proceeds of which are at issue in this litigation."

(Doc. 26).

///

On May 9, 2007, the court issued a written order appointing Mr. Borgemeyer as Vincent's guardian ad litem in this action, and denying the balance of his petition. (Doc. 27).

**2. Motion to File Amended Answers and Cross-Claims.**

On June 22, 2007, defendant McKinney and Vincent, both represented by Attorney Murillo, filed the instant motion to file amended answers and cross-claims.  (Doc. 33).

**A. Original Answers.**

The portion of each proposed amended answer responding to the complaint's specific allegations is identical, and is also identical to the original answers filed by defendants McKinney and Vincent.  Each pleading admits the specific allegations in the complaint. (Docs. 2, 11, 25, 35, 36).  The portions of each original answer following the admissions are also identical.  Under the heading "Other Allegations," the original answers alleges that the insurance documents naming defendant Olguin as beneficiary were procured either through fraud and deceit at a time when the decedent suffered from a brain injury and was mentally incapacitated and under the influence of medications that rendered her susceptible to fraud and deceit, or through undue influence at a time when the decedent suffered from a brain injury and was mentally incapacitated and under the influence of medications that rendered her susceptible to undue influence.  Further, each original answer also contains identical prayers for relief, i.e., a judicial declaration that (a) the decedent was mentally incapacitated when she designated defendant Olguin as beneficiary, (b) all documents signed by the decedent when she was mentally incapacitated are "void ab initio," (c) the documents designating defendant Olguin as beneficiary or "otherwise the recipient of property of funds" are "void as being procured by fraud and deceit," and (d) all documents signed by the decedent naming Olguin as beneficiary are "void as being procured by fraud"; and includes a prayer for attorneys's fees and costs. (Docs. 11, 25).  In sum, the original answers filed by defendants McKinney and Vincent are identical.

**B. Proposed Amended Answers and Cross-Claims.**

The court has also compared the moving parties' original answers to their proposed amended pleadings.  There are three significant differences. The first difference is that instead of containing a heading entitled "Other Allegations," the proposed amended pleadings (Docs. 34, 35) contain a

heading entitled "Cross-Claims Against Defendant Hilda Olguin" and reference three California statutes relating to unsound mind, fraud and deceit, and undue influence, as the basis for invalidating the beneficiary designation to defendant Olguin. (Cal. Civ. Code §§ 39, 1710.4, 1712). The second difference is that the proposed amended cross-claims are not limited to the life insurance proceeds dispute. Rather, they seek to invalidate the decedent's alleged transfers of real property to defendant Olguin since August 1992, as well as defendant Olguin's alleged day trading with the decedent's funds during the same period. The third difference is that the proposed amended cross-claims seek a different type of relief, i.e. in addition to invalidating the beneficiary designation, they seek to set aside real property transfers and day trading transactions, to effect a transfer of the real properties to the decedent's estate, and to disgorge the day trading funds for the benefit of the decent's estate. (Docs. 34, 35). Thus, the proposed cross-claims, if allowed, would escalate this action from an action involving conflicting claims to the proceeds of a single life insurance policy, to an action seeking to ascertain and set aside all transfers made by the decedent to defendant Olguin, and all transactions made by the latter with the decedent's funds, over a 15-year period.

## Discussion

**1. Cross-Claims.**

A cross-claim is an affirmative claim for relief against a co-party. There must be a subject matter relationship between a cross-claim and either an original claim for relief or the property that is the subject of the action. A cross-claim must either arise out of the transaction or occurrence that is the subject matter of the original action, arise out of the transaction or occurrence that is the subject of a counterclaim, or relate to property that is the subject matter of the original action. Fed. R.Civ. P. 13 (g). In addition, the cross-claim must seek relief on behalf of the party asserting it, and not on behalf of a third party. <u>Jones v. Illinois Department of Rehabilitation Services</u>, 689 F. 2d 724, 733 (7th Cir. 1982).

Here, there are four categories of transactions that the proposed amended cross-claims seek to invalidate: the beneficiary designation to defendant Olguin, the real property transfers to defendant Olguin after August 1992, the day trades by defendant Olguin after August 1992, and a catch-all category of "all other" transfers made by the decedent to defendant Olguin after August 1992.

1  Defendant McKinney does not seek to invalidate the beneficiary designation on her own behalf,
2  rather, she does so on behalf of defendant Vincent, to whom she has assigned her interest in the life
3  insurance policy proceeds.  Neither defendant McKinney nor Vincent seek to invalidate the real
4  property transfers and day trades on their own behalf; they propose to assert these cross-claims in
5  order to restore them to the  decedent's estate.

6  Except for the cross-claim related to the life insurance proceeds, the proposed cross-claims
7  do not arise out of the transaction or occurrence that is the subject matter of the original action, nor
8  do they relate to property that is the subject matter of the original action or seek relief on behalf of
9  the party asserting them.  "Rule 13(g) was intended to promote the expeditious and economical
10 adjudication of an entire subject matter arising from the same set of facts within a single action."
11 Donovan v. Robbins, 588 F.Supp. 1268, 1273 (D.Ill. 1984)(citation omitted).  Here, the proposed
12 cross-claims do not promote judicial economy because if allowed, they would escalate this litigation
13 from a relatively simple dispute between competing claimants over the proceeds of an   insurance
14 policy, to an expedition seeking to invalidate, set-aside, and  disgorge unspecified transfers,
15 transactions, and assets made by and between the decedent and/or defendant Olguin over a 15-year
16 period, and which are unrelated to the insurance  policy that is the subject of the complaint.
17 Accordingly, the court concludes that except for Vincent's cross-claim relating to the life insurance
18 proceeds, the proposed amended cross-claims are improper because they violate Rule 13(g) of the
19 Federal Rules of Civil Procedure.

20 **2. Leave to Amend.**

21 Leave to amend pleadings "shall be freely given when  justice so requires."  Fed.R.Civ.P.
22 15(a).  The grant or denial of leave to amend is in the discretion of the court; however it should be
23 denied only when there is a showing of bad faith, undue delay, prejudice to the opposing party,
24 and/or  futility.  Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

25 Defendant Olguin contends that the proposed amended cross-claims are futile, because they
26 are state law claims preempted by the Employee Retirement Income Security Act (ERISA).
27 29 U.S.C. §§ 1001 et seq.   ERISA contains "one of the broadest preemption clauses ever enacted by
28 Congress."  Spain v. Aetna Life Ins. Co., 11 F.3d 129, 1331 (9th Cir. 1993).  ERISA expressly

5

1  preempts all state law claims "insofar as they may now or hereafter relate to any employee benefit
2  plan" covered by ERISA. Winterrowd v. American General Annuity Ins. Co., 321 F.3d 933, 937
3  (9th Cir. 2003)(quoting 29 U.S.C. § 1144(a)). ERISA also preempts any state law cause of action
4  that falls within its civil remedies scheme. Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)
5  ("Any state law cause of action that duplicates, supplements, or supplants the EISA civil
6  enforcement remedy conflicts with the clear congressional intent to make the EISA remedy exclusive
7  and is therefore preempted."); 29 U.S.C.  § 1132(a).

8      A state law relates to an ERISA plan "if it has a connection with or reference to such a plan."
9  Egelhoff v. Egelhoff, 532 U.S. 141, 147 (2001). To determine whether a state law relates to or has a
10 connection with an ERISA plan, the court must consider "the objectives of the ERISA statute as a
11 guide to the scope of the state law that Congress understood would survive, as well as to the nature
12 and effect of the state law on ERISA plans." Egelhoff, 532 U.S. at 147 (citations omitted). Egelhoff
13 involved conflicting claims to recover life insurance proceeds, between the named beneficiary (the
14 decedent's ex-wife) and the decedent's children, the latter of whom asserted a state statute that
15 prevented the named beneficiary from recovering the decedent's life insurance proceeds. The
16 Supreme Court held that the children's claims were preempted by ERISA because the application of
17 the state statute required plan administrators to pay beneficiaries chosen by state law rather than to
18 those identified in the plan documents, and thereby governed a central matter of plan administration,
19 i.e. the payment of benefits. Egelhoff, 532 U.S. at 147-148. The Supreme Court also determined that
20 the state statute was connected with the ERISA plan because application of the state statute to
21 determine the proper beneficiary would violate ERISA's goal to "provide[ ] a set of standard
22 procedures to guide processing of claims and disbursement of benefits." Egelhoff, 532 U.S. at 148.
23 The Supreme Court explained if state laws were allowed to affect ERISA beneficiary designations,
24 plan administrators could not make payments "simply by identifying the beneficiary specified by the
25 plan documents" and instead would have to familiarize themselves with various state statutes to
26 determine the payment of benefits. Egelhoff at 149-150.

27     In the proposed cross-claims in this case, defendant McKinney and Vincent assert three state
28 statutes related to incapacity, fraud and deceit, and undue influence, to invalidate the beneficiary

designation specified by the plan documents and channel ERISA plan benefits to someone other than the designated beneficiary. If the cross-claims' factual allegations are true, application of the state statutes would, as in Egelhoff, require the plan administrators to make payments to someone other than the beneficiary designated by the plan participant. "Designating the beneficiary of an ERISA life insurance plan sufficiently relates a plan to come within the scope of the preemption clause." Metropolitan Life Insurance Co. v. Pettit, 164 F.3d 857, 862-863 (4th Cir. 1998)(citations omitted). The court finds that the proposed amended cross-claims relating to the proceeds of the life insurance policy are preempted because they rely on California law and have a connection with the ERISA plan.

## Conclusion and Orders

The proposed state law cross-claims regarding the life insurance proceeds are futile because they are preempted by ERISA. There is no subject matter relationship between the remaining proposed state law cross-claims and either plaintiff's claim for relief or the property that is the subject of plaintiff's complaint. The court concludes that the proposed amended cross-claims violate Federal Rules of Civil Procedure 13 and 15, and that justice does not require that leave of court be granted to allow defendant McKinney's and Vincent's proposed amended pleadings.

Accordingly, it is HEREBY ORDERED that the Motion to File Amended Answers and Cross-Claims (Doc. 33) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **October 2, 2007**                              /s/ Theresa A. Goldner
                                                         UNITED STATES MAGISTRATE JUDGE