1

2

3

4

5

6

7

8

9

10 **IN THE UNITED STATES DISTRICT COURT**

11 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13 ANTHEM LIFE INSURANCE                    CASE NO.  1:06-cv-1165 GSA
COMPANY,

14
                                                         ORDER REGARDING PETITION
15                        Plaintiff,                      FOR MINOR'S COMPROMISE____

16 vs.

17 HILDA OLQUIN, et al.,

18                        Defendants.
   _____/

19

20         Defendant Vincent James Musso Borgemeyer is a minor in this action ("minor").  On January

21 24, 2008, a settlement conference was held and the case settled.  On January 25, 2008, a preliminary

22 hearing was held regarding the minor's compromise.  At that time, the court ordered that Mr.

23 Murillo, the minor's attorney, file a declaration outlining his attorney fees.  The declaration was filed

24 with the Court on January 28, 2008.   In the declaration, Mr. Murillo asserts that "the contract

25 between Phillip Borgemeyer, guardian ad litem for the minor, provides that the minor shall receive a

26 net amount of fifteen thousand dollars ($15,000), the attorney shall receive about five thousand nine

27 hundred and twenty five dollars ($5,925.00), from which the attorney shall reimburse Mrs. Naida

28 Mc Kinney two thousand five hundred dollars ($2,500.00)  for a retainer on this action."

1

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

(b) Settlement.  No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.

. . .

(2) The approval of a proposed settlement shall be filed and calendared pursuant to L.R. 78-230.  Such application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise ...[1]

(c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed, whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted directly or indirectly, whether the attorney stands in any relationship to said party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

In this case, there has not been a petition for minor's compromise filed.  A petition must be filed in accordance with the local rules outlined above before this Court can approve the settlement. In addition, this case involves the unique circumstance of the assignment of Nadia R. Mc Kinney's interests as the beneficiary of the Group Life Insurance Plan through Anthem Life Insurance to the minor.  Therefore, the Court will also be requiring that the petition include an explanation of the history of the assignment and a properly executed declaration from Ms. Nadia Mc Kinney clearly outlining her knowing and voluntary intent to assign those rights to the minor.  Any

---

[1] As the judge conducting the settlement conference, the Court is aware of these factors as these were outlined in the confidential settlement statements and on the record at the settlement hearing . However, the factors need to be outlined in the petition for the Court's final approval.

other documents executed in connection with the assignment should also be attached to the

declaration.[2]  Further, the petition should outline the gross and net amounts of the settlement, as well

as a description of the manner in which the settlement proceeds will be distributed to the minor.  If

the settlement money is to be deposited in an account or accounts subject to withdrawal only upon

order of the Court, the name and address of the proposed depository should also be provided.

Finally, based on the current declaration, the Court is unable to clearly ascertain the net

amount of attorney fees requested. Specifically, the Court cannot determine if the net amount the

attorney is seeking is $5,925 or $3,425 ($5925-2,500).   It appears that the attorney is seeking a total

of $5,925 in attorney fees that will be subtracted from the $15,000 of the minor's settlement.

Although the attorney states that he is reimbursing Naida Mc Kinney $2,500 out of that amount, it

appears that $2,5000 was already paid to him as part of the retainer.  If this is the case, the net

attorney's fees would be $5,925, almost forty-percent (40%) of the net amount of the minor's

settlement.  As such, the attorney needs to provide the exact amount of attorney's fees, the basis of

the fees, with an itemization of the costs sought to be allowed and charged against the minor's

settlement amount.  The attorney is advised that the Court will not order that the minor's funds be

used to reimburse an existing retainer/contract agreement between Ms. Mc Kinney and the attorney.

The attorney has already attempted to obtain a court order allowing that the minor assume the

benefits of Ms. Mc Kinney and an obligation of the contract between Ms. Mc Kinney and Mr.

Murillo. (Doc. 18).   That request was denied.  (Doc. 27).

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the

protection" of a minor.  "Federal courts generally require that claims by minors . . . be settled in

accordance with applicable state law.  California law requires *court approval* of the fairness and

terms of the settlement."  2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal*

*Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-

42 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be

---

[2] The Court is aware that Ms. Mc Kinney has filed a notice of assignments of rights in this litigation.  (Doc. 26).  However, the Court finds that this document is not sufficient to execute the assignment.  Upon close examination of the document it appears have been properly signed nor are there any other documents supporting the assignment.  See, Local Rule 7-131(b).

1   approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and

2   court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, §

3   3601.  A leading California practice guide observes:

> Courts vary in their fee approval policies.  All will consider the time expended and the complexity of the case.  But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]

> Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

8   2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures,

9   paras. 12:576 and 12:577, p. 12(II)-14. If the attorney is seeking more than 25% of the recovery, he

10  needs to demonstrate why this fee is warranted.

11          In this instance, because no petition was filed, the Court does need to have the settlement

12  terms reduced to writing and supplied to the court as well as a complete statement regarding the

13  attorney fees the minor is expected to pay.  As such, the Court is ordering that the minor's attorney

14  file a petition for minor's compromise which includes the information outlined in Local Rule 17-

15  202(b)(2) and (c), as well as the other information listed above. The Court is aware that the minor's

16  date of birth is February 20, 1990.  As such, the Court will determine whether further hearing on the

17  petition is needed once the petition is received.

18          Accordingly, IT IS HEREBY ORDERED that :

19          1.   The minor's attorney submit an application for minor's compromise in accordance with

20  Local Rule 17-202(b)(2) and (c) outlined above.  In addition to the requirements of the Local Rule,

21  the petition should include the following :

22          a) A thorough explanation of the history of the assignment and a properly executed

23  declaration from Ms. Nadia Mc Kinney clearly outlining her knowing and voluntary assignment of

24  those rights to the minor.  Any other documents executed in connection with the assignment should

25  also be attached to the declaration.

26          b)  An explanation of the gross and net amounts of the settlement, as well as a

27  description of the manner in which the settlement proceeds will be distributed. If the settlement

28  money is to be deposited in an account or accounts subject to withdrawal only upon order of the

4

court, the name and address of the proposed depository shall be provided; and

    c) The exact amount of attorney's fees, the basis of the fees, with an itemization of the costs sought to be allowed and charged against the minor's settlement amount.

.

  IT IS SO ORDERED.

**Dated:**   **February 8, 2008**       **/s/ Gary S. Austin**
                UNITED STATES MAGISTRATE JUDGE

5