# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHEM LIFE INSURANCE COMPANY, | CASE NO. 1:06-cv-1165 GSA |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING PETITION FOR MINOR'S COMPROMISE |
| vs. | |
| HILDA OLQUIN, et al., | ORDER TO SHOW CAUSE HEARING APRIL 2, 2008, at 10:30 a.m. in COURTROOM 10 (GSA) |
| Defendants. | |

On February 8, 2008, the court issued an order requiring that Vincent Musso Borgmeyer's attorney, Mr. Joel Murillo, file a petition for minor's compromise in accordance with Local Rule 17-202. The order specifically outlined the court's requirements for the contents of the petition including, but not limited to, the exact amount of attorney's fees, the basis of the fees, with an itemization of the costs sought to be allowed and charged against Mr. Musso Borgmeyer's ("the minor's") settlement amount. The order also required that documentation clearly outlining Ms. Nadia McKinney's knowing and voluntary assignment of her beneficiary rights to the minor be included as part of the petition. The court noted that the minor's date of birth was February 20, 1990. As such, the Court would determine whether further hearing on the petition was needed once the petition was received. (Doc. 53).

On February 25, 2008, the court received a letter from Mr. Murillo dated February 25, 2008, entitled, "RE: Vincent James Musso Borgmeyer adv. p. Anthem Life Insurance Co., Case 06-cv-01165-AWI-GSA, via e-mail, indicating that the minor turned 18 years old. The letter provided information regarding the amount of his attorney fees and requested clarification on whether a minor's compromise was necessary. The court received a copy of this same letter from Mr. Murillo in the mail on February 27, 2008.

Thereafter, on February 27, 2008, the court issued a second order regarding the petition for minor's compromise. (Doc. 54). In that order, the court advised counsel that correspondence to the court regarding clarification of a court order must be properly filed with the court in the form of a motion in accordance with Local Rules rather than sending a letter addressed to the judge in chambers. See Local Rule 5-134(a); Fed. R. of Civ. Proc. 7. The court also indicated that it was still requiring the minor's compromise since the minor had not reached the age of majority at the time of the settlement agreement and ordered counsel for the minor to file the minor's compromise no later than March 12, 2008, in accordance with the instructions contained in this court's order dated February 8, 2008. (Doc. 53). The court also directed the Clerk to file the letter from Mr. Murillo dated February 25, 2008, entitled, "RE: Vincent James Musso Borgmeyer adv. p. Anthem Life Insurance Co., Case 06-cv-01165-AWI-GSA." into the record. The letter was filed into the record on February 27, 2008. (Doc. 55).

Subsequently, on March 13, 2008, Mr. Murillo filed a document entitled "Petition and Declaration for Compromise of Minor's Claim." (Doc. 56). The Petition and Declaration for Compromise of Minor's Claim included a brief procedural history of this matter and a summary of the proposed settlement subject to this court's approval. However, the Petition and Declaration did not comply with the instructions contained in this court's order dated February 8, 2008. (Doc. 53). As stated, the court's order required the minor's attorney to submit an application for minor's compromise in accordance with Local Rule 17-202(b)(2) and (c). In addition, the court ordered that the petition contain the following information:

1. A thorough explanation of the history of the assignment and a properly executed declaration from Ms. Nadia McKinney clearly outlining her knowing and voluntary assignment of those rights to the minor. Any other documents executed in connection with the assignment should also be attached

to the declaration.

    2. An explanation of the gross and net amounts of the settlement, as well as a description of the manner in which the settlement proceeds will be distributed. If the settlement money is to be deposited in an account or accounts subject to withdrawal only upon order of the court, the name and address of the proposed depository shall be provided; and,

    3. The exact amount of attorney's fees, the basis of the fees, with an itemization of the costs sought to be allowed and charged against the minor's settlement amount.

The Petition and Declaration for Compromise of the Minor's Claim filed on March 13, 2008, did not comply with the instructions contained in this court's order dated February 8, 2008. Accordingly, the minor's counsel is ORDERED to:

    1. SUBMIT the requested information by filing an application for minor's compromise no later than March 28, 2008;

    OR,

    2. SHOW CAUSE, if any he has, why the settlement agreement should not be set aside and the matter set for trial. A hearing on the order to show cause shall be held on Tuesday, April 2, 2008, at 10:30 a.m. in Courtroom 10 before the undersigned.

IT IS SO ORDERED.

Dated: __March 14, 2008__          _____/s/ Gary S. Austin_____
                                                UNITED STATES MAGISTRATE JUDGE