**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHEM LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HILDA OLQUIN, et al.,<br><br>Defendants._____ / | CASE NO. 1:06-cv-1165 GSA<br><br>ORDER REGARDING PETITION FOR MINOR'S COMPROMISE<br><br>ORDER TO CLOSE ACTION |

**I. INTRODUCTION**

On October 25, 2006, Plaintiff Anthem Life Insurance Company (plaintiff), by compliant in interpleader, deposited proceeds in the amount of $50,369.18 with the court from death benefits of the life insurance policy of Kathleen Susan Rindy ("Ms. Rindy"). Ms. Rindy was a former employee of California Pacific Medical Center. She died on February 27, 2006. At the time of her death, Ms. Rindy was insured under a California Pacific Medical Center group life insurance plan (the "policy"). This policy was part of an employee benefit plan that was governed by the Employee Retirement Security Act

1

PDF created with pdfFactory trial version www.pdffactory.com

of 1974 ("ERISA", 29 U.S.C. § 1001 et seq.)[1]

By beneficiary designation executed November 25, 1991, Ms. Rindy designated her mother, Defendant Nadia R. McKinney, as the sole beneficiary of the policy. Thereafter, on August 11, 2004, Ms. Rindy designated her friend, Defendant Hilda Olguin, as the sole beneficiary of the policy. In August 2004, Ms. Rindy also designated her godson, Defendant Vincent James Musso Borgmeyer (the "minor") as the contingent beneficiary.

Defendant Naida McKinney contested the validity of Hilda Olguin's designation as beneficiary on the basis that Ms. Rindy was incompetent, incapacitated, and/or under duress and/or influence at the time she executed the 2004 beneficiary. Defendant McKinney assigned her to claims to the minor. (Doc. 62). The minor's date of birth is February 20, 1990. Prior to his eighteenth birthday, Phillip Borgmeyer was appointed guardian ad litem for the minor . (Doc. 27). On November 13, 2008, a settlement conference was held. The case did not settle at that time. On November 14, 2007, Plaintiff was discharged and was awarded $4.000 in attorney fees. The remaining balance in the account was $46, 369.18.

On January 24, 2008, a second settlement conference was held and the case settled. The parties consented to Magistrate Judge jurisdiction and the case was reassigned to this court on February 4, 2008. The minor reached the age of majority after the case settled on February 20, 2008. A hearing on the Petition for Minor's Compromise was held on April 2, 2008. Appearing on behalf of the petitioner was his attorney, Joel Murillo. The minor, nor the guardian ad litem were present at the hearing. For the reasons discussed below, the Court will grant the petition in part.

## II. BACKGROUND

At the January 24, 2008 settlement conference, it was agreed that fifty-five (55%) of the proceeds of the policy would be disbursed to Defendant Olquin and the remaining forty-five (45%) would be awarded to the minor. On January 25, 2008, a preliminary hearing was held regarding the minor's compromise. At that time, the court ordered that Mr. Murillo, the minor's attorney, file a declaration outlining his attorney fees.

---

[1] ERISA governs employee benefit plans. 29 U.S.C § 1003(a).

PDF created with pdfFactory trial version www.pdffactory.com

On January 28, 2008 Mr. Murillo filed a declaration under seal outlining his fees. In the declaration, Mr. Murillo requested a lump sum of the minor's settlement for attorney fees. He indicated that from that amount, he would reimburse defendant McKinney a $2,500 retainer that she had previously paid him. There was no further explanation of the settlement agreement or the basis for the attorney fees. The court found the declaration inadequate.

On February 8, 2008, the court issued an order requiring that Mr. Murillo file a petition for minor's compromise in accordance with Local Rule 17-202. The order specifically outlined the court's requirements for the contents of the petition including, but not limited to, the exact amount of attorney's fees, the basis of the fees, with an itemization of the costs sought to be allowed and charged against the minor's settlement amount. The order also required a description of the manner in which the settlement proceeds would be distributed. If the settlement money was to be deposited in an account or accounts subject to withdrawal only upon order of the court, the name and address of the proposed depository was to be provided. The court further ordered that documentation clearly outlining Ms. Nadia McKinney's knowing and voluntary assignment of her beneficiary rights to the minor be included as part of the petition. The court noted that while Ms. McKinney had filed a notice of assignment of rights in this litigation (Doc. 26), the document was not sufficient to execute the assignment since it had not been properly signed, nor were there any other documents supporting the assignment. See, Local Rule 7-131(b). The court noted that the minor's date of birth was February 20, 1990. As such, the court would determine whether further hearing on the petition was needed once the petition was received. In this order, the court also explicitly advised the attorney that it would not order that the minor's funds be used to reimburse an existing retainer/contract agreement between Ms. Mc Kinney and the attorney. The attorney had already attempted to obtain a court order allowing that the minor assume the benefits of Ms. Mc Kinney and an obligation of the contract between Ms. Mc Kinney and Mr. Murillo. (Doc. 18). That request was denied. (Doc. 27).

On February 25, 2008, the court received a letter from Mr. Murillo dated February 25, 2008, entitled, "RE: <u>Vincent James Musso Borgmeyer</u> adv. p. <u>Anthem Life Insurance Co.</u>, Case 06-cv-01165-AWI-GSA, via e-mail, indicating that the minor turned 18 years old. The letter provided information regarding the amount of his attorney fees and requested clarification on whether a minor's compromise

3

PDF created with pdfFactory trial version www.pdffactory.com

was necessary. The court received a copy of this same letter from Mr. Murillo in the mail on February 27, 2008. The court ordered the Clerk of the Court to file the letter into the record. Doc. 55.

Thereafter, on February 27, 2008, the court issued a second order regarding the petition for minor's compromise. Doc. 54. The court indicated that it was still requiring the minor's compromise since the minor had not reached the age of majority at the time of the settlement agreement. The attorney was ordered to file the minor's compromise no later than March 12, 2008.

Subsequently, on March 13, 2008, Mr. Murillo sent a document entitled "Petition and Declaration for Compromise of Minor's Claim" via e-mail to chambers. Doc. 56. He was instructed to file the document with the Clerk of the Court which he eventually did. The petition included a brief procedural history of the matter and a summary of the proposed settlement subject to this court's approval. In the petition, Mr. Murillo indicated that at the time of the settlement conference, the interpleaded funds was $46, 369.18 plus interest that had accrued since the payment to Anthem Life. The petition indicated that the settlement agreement provided that 55% was to go to Olquin and 45% was to be given to the minor. Forty-five percent of the interpled funds equals $20,866.13 which was the total due to the minor.

In this petition, Mr. Murillo again asserted that the minor was to receive $15,000 and Mr. Murillo was to receive the amounts above the $15,000 and reimburse $2,500 Defendant McKinney which she had paid him for a retainer. After the reimbursement, the attorney would receive $3,366.13 plus the $2,500.00 retainer amount he received from Ms. McKinney. The total amount Mr. Murillo was seeking in attorney fees is $5,866.13 which was twenty-eight percent (28%) of the minor's total settlement.

The petition did not comply with the instructions contained in the court's order dated February 8, 2008 because it did not list the basis of the fees, or an itemization of costs sought to be charged against the minor's settlement. Additionally, it also did not include any information regarding to whom and how the funds should be disbursed (i.e., a bank and account number, or an address where any checks should be sent), nor did it comply with the request for the assignment information. As such, the court issued an order to show cause why the settlement agreement should not be set aside and the matter set for trial. Doc. 58. In the order to show cause, the court reiterated that the petition contain the following information:

1. A thorough explanation of the history of the assignment and a properly executed declaration

4

PDF created with pdfFactory trial version www.pdffactory.com

1  from Ms. Nadia McKinney clearly outlining her knowing and voluntary assignment of those rights
2  to the minor. Any other documents executed in connection with the assignment should also be
3  attached to the declaration;
4  2. An explanation of the gross and net amounts of the settlement, as well as a description of the
5  manner in which the settlement proceeds will be distributed. If the settlement money is to be
6  deposited in an account or accounts subject to withdrawal only upon order of the court, the name
7  and address of the proposed depository shall be provided; and,
8  3. The exact amount of attorney's fees, the basis of the fees, with an itemization of the costs
9  sought to be allowed and charged against the minor's settlement amount.

On March 28, 2008, Mr. Murillo filed another petition and declaration for minor's compromise. Doc. 59. Attached to the petition was a revised assignment of rights that contained Ms. McKinney's signature on it, as well as several letters written by Ms. McKinney regarding her intention to assign her rights to the minor. In the petition, Mr. Murillo again acknowledged that the balance on the interpled funds was $46, 369.18 plus interest. He further indicated that defendant Olquin was to receive 55% of the settlement, and the minor was to receive 45% of the total interpled funds which was $20,866.13. Also, Mr. Murillo indicated that he would be retaining the $2,500 retainer previously received from Defendant McKinney. Mr. Murillo requested an additional $3,366,13 in attorney fees for a total of $5866.13 plus interest which was still twenty-eight percent (28%) of the minor's proceeds. He indicated that after attorney fees, the minor would receive $17,500. The petition also indicated that the guardian ad litem agreed to reimburse Ms. KcKinney the $2500 retainer if she desired. The revised petition did not contain any of the information related to the basis of attorney fees or itemization of costs that the court had requested.

### III. DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .

5

PDF created with pdfFactory trial version www.pdffactory.com

>      (2) The approval of a proposed settlement shall be filed and calendared pursuant to L.R. 78-230.  Such application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise ...
>
>    (c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed, whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted directly or indirectly, whether the attorney stands in any relationship to said party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
>    . . .
>
>    (e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement."  2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-42 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.  A leading California practice guide observes:

>    Courts vary in their fee approval policies.  All will consider the time expended and the complexity of the case.  But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]
>
>    Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures,

PDF created with pdfFactory trial version www.pdffactory.com

paras. 12:576 and 12:577, p. 12(II)-14. If the attorney is seeking more than 25% of the recovery, he needs to demonstrate why this fee is warranted.

The court finds that a division of fifty five percent (55%) to defendant Olquin and forty-five (45%) to the minor of interpled funds is a fair settlement in case. The court further finds that the petition substantially includes information required by this Court's Local Rule 17-202(b)(2) and (c). At the order to show cause hearing, the court addressed the amount of attorney fees which should be awarded in this case. Mr. Murillo confirmed that he would be retaining the $2,500 that defendant McKinney had paid to him. After reviewing the record and the work that Mr. Murillo completed in this case, the court has determined that an additional $2,500, for a total of $5,000 in attorney fees is warranted. Mr. Murillo is in agreement with this amount. Because the minor has now reached the age of majority, the funds will be distributed to him directly.

## IV. CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED :

1) The Petition for approval of Minor's Compromise is GRANTED IN PART. The Clerk of the Court is directed to disburse the interpled fund by Plaintiff, Anthem Life Insurance Company, in the above-captioned case, in the amount of $46, 369.18, plus accrued interest, if any, as follows :

2) Fifty-five percent (55%) of the balance of funds shall be distributed to Defendant Hilda Olquin. The check shall be made payable to Hilda Olguin and her attorney, Donald J. Proietti, and mailed to the following address :

> Donald J. Proietti
> Attorney at Law
> PO Box 2184
> Merced, California

3) Forty-Five percent (45%) of the balance of the funds shall be distributed to the minor, Vincent James Musso Borgmeyer. The check shall be made payable to Vincent Borgmeyer. The Clerk of the Court shall subtract twenty-five hundred dollars ($2,500) from the minor's portion and disburse this amount to Joel Murillo for attorney fees. The check for $2,500 shall be made payable to Joel M. Murillo. Both the minor's check, and Mr. Murillo's check shall be mailed to the following address:

7

PDF created with pdfFactory trial version www.pdffactory.com

Law Offices of Joel M. Murillo
311 E. Merced Street
Fowler, California 93625

4) The invested funds may be subject to a registry fee at the time of disbursement pursuant to Local Rule 67-150(h).  If the Clerk determines that the registry fee applies, the fee shall be accessed to the parties based on their pro rata share of the fund.

5) After disbursement of the funds, the Clerk of the Court shall administratively close this case.

**IT IS SO ORDERED**.

Dated: April 7, 2008                                        <u>Gary S. Austin</u>
                                                                       The Honorable Gary S. Austin
                                                                       United States Magistrate Judge

8

PDF created with pdfFactory trial version www.pdffactory.com